UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>ROSS ANDREW BROWN,<br><br>          Defendant. | CR. NO. 23-00090 LEK |

**ORDER DENYING DEFENDANT'S FIRST AMENDED MOTION TO SEVER COUNT 1 OF THE SUPERSEDING INDICTMENT, [FILED 9/11/24 (DKT. NO. 100)]**

Defendant Ross Andrew Brown ("Defendant") seeks "to sever Count 1 of the Superseding Indictment from Counts 2-10, and to exclude all evidence related to Counts 2-10 . . . ." See Def.'s First Amended Motion to Sever Count 1 of the Superseding Indictment, filed 9/11/24 (dkt. no. 100) ("Motion"), at 1. Plaintiff United States of America ("the Government") submits that the charges are properly joined and Defendant fails to demonstrate the requisite prejudice that would result from a joint trial on the charges. [Govt.'s Opposition to Def.'s First Amended Motion to Sever Count 1, filed 11/13/24 (dkt. no. 130) ("Mem. in Opp."), at 1-2.]

As follows, the ten counts alleged against Defendant are properly joined and therefore the Motion is denied.

## BACKGROUND

Defendant was arrested pursuant to a criminal complaint filed on April 17, 2023. See Criminal Complaint, filed 4/17/23 (dkt. no. 1). An indictment was returned on one count against Defendant on November 20, 2023. See Indictment, filed 11/30/23 (dkt. no. 26). On May 30, 2024, a ten-count superseding indictment, which added counts 2 through 10, was filed. See Superseding Indictment, filed 5/30/24 (dkt. no. 71).

Defendant is currently charged with Attempted Sexual Enticement of a Minor in violation of Title 18 United States Code Section 2422(b) (Count 1); Attempted Sexual Exploitation and Sexual Exploitation of a Child in violation of Title 18 United States Code Sections 2251(a) and 2251(e) (Count 2); Attempted Receipt and Receipt of Child Pornography in violation of Title 18 United States Code Sections 2252A(a)(2)(A) and 2252A(b)(1) (Count 3); Attempted Sexual Exploitation and Sexual Exploitation of a Child (Count 4); Attempted Receipt and Receipt of Child Pornography (Count 5); Attempted Sexual Exploitation and Sexual Exploitation of a Child (Count 6); Attempted Receipt and Receipt of Child Pornography (Count 7); Attempted Sexual Exploitation and Sexual Exploitation of a Child (Count 8); Attempted Receipt and Receipt of Child Pornography (Count 9); and Attempted Sexual Enticement of a Minor (Count 10).

**STANDARDS**

Rule 8(a) of the Federal Rules of Criminal Procedure states that

> [t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged -- whether felonies or misdemeanors or both -- are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). Joinder "is the rule, severance the exception." United States v. Free, 841 F.2d 321, 324 n.1 (9th Cir. 1988) (citation omitted).

> In determining whether counts are of the "same or similar character," the Ninth Circuit has explained that courts should "consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims . . . ." United States v. Jawara, 474 F.3d 565, 578 (9th Cir. 2007). "The weight given to a particular factor will depend on the specific context of the case and the allegations of the indictment." Id. "In determining whether joinder is proper, the district court should examine only those allegations in the indictment." United States v. Rousseau, 257 F.3d 925, 931 (9th Cir. 2001).

United States v. McGuire, Case No. 23-cr-00054-DKW-1, 2024 WL 5056427, at *1–2 (D. Hawai`i Dec. 10, 2024) (alteration in McGuire).

Where "joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . , the court may

3

order separate trials of counts . . . ." Fed. R. Crim. P. 14(a). "The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." United States v. Kenny, 645 F.2d 1323, 1345 (9th Cir. 1981) (citations omitted). Granting severance requires that the defendant must "make a strong showing of prejudice." Id. (citing Williamson v. United States, 310 F.2d 192, 197 (9th Cir. 1962)). Wide discretion is accorded to the district court in determining whether to grant a motion to sever. United States v. Felix-Gutierrez, 940 F.2d 1200, 1209 (9th Cir. 1991).

## DISCUSSION

Defendant argues that Counts 2-10 "have no relevant bearing on Count 1," and will result in prejudice to him because "there is substantial risk that the content of those unrelated irrelevant accusations will be used as character evidence . . . otherwise prohibited under Fed. R. Evid. 404(b)." [Motion, Mem. in Supp. at 9.]

The Government, on the other hand, submits that "[a]ll ten charges involve defendant's sexual exploitation or attempted sexual exploitation of female juveniles." [Mem. in Opp. at 4 (citation omitted).] It states that the ten criminal charges have much in common: the use of a specific social media platform known as "Whisper" to communicate with the alleged victims;

4

Defendant's use of his Whisper account "Forever Sun"; Defendant's attempts to obtain child pornography, sexual conduct or both from the alleged victims; the conduct alleged in the ten counts involve conduct occurring in about a two-year period from February 2021 to April 2023; and Counts 1 and 10 charge Defendant with the same charge of attempted sexual enticement of a female juvenile. [Id. at 4-5.] Moreover, it argues that evidence of Defendant's alleged conduct in each of the ten counts will be admissible to prove "intent, knowledge, *modus operandi*, identity, absence of mistake, or lack of accident" under Federal Rule of Evidence 404(b). [Id. at 6.]

        Defendant argues that Count 1 involves an adult female, not a juvenile female; that he only intended to meet up with an adult female; and that Count 1 and Count 10 lack the same or similar character, have different alleged victims, and took place in physically different locations. [Def.'s Reply to Govt.'s Opposition to Def.'s First Amended Motion to Sever Count 1, filed 12/18/24 (dkt. no. 142), Declaration of Counsel at pg. 3.] Defendant denies that the ten charges involved attempts to obtain child pornography, sexual contact or both from juvenile females because there was no receipt or attempted receipt of child pornography or depictions of minors engaged in the sexually explicit activities. [Id. at pg. 4.]

To determine whether the joinder of the ten counts is valid, allegations in the indictment must be examined. See Jawara, 474 F.3d at 572. The "valid basis for joinder should be discernable from the face of the indictment." Id. at 573. "At least one of Rule 8(a)'s three conditions must be satisfied for proper joinder . . . ." Id. The three conditions, as it relates to Defendant, are whether the felonies charged are (1) "of the same or similar character," (2) "based on the same act or transaction," or (3) share "a common scheme or plan." See Fed. R. Crim. P. 8(a).

### A. Do the Charges Share the Same or Similar Character?

Turning first to whether the felonies charged are of the same or similar character, the Superseding Indictment charges attempted sexual enticement of a minor (Counts 1 and 10); attempted sexual exploitation and sexual exploitation of a child (Counts 2, 4, 6, and 8); and attempted receipt and receipt of child pornography (Counts 3, 5, 7, and 9). The Court, in assessing whether an indictment meets the "same or similar character" prong of Rule 8(a), must consider the following factors: "the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims . . . ." See Jawara, 474 F.3d at 578.

1. **Elements of the Statutory Offense**

The statutory offenses charged here are attempted sexual enticement of a minor in violation of Title 18 United States Code Section 2422(b) (Counts 1 and 10); attempted sexual exploitation and sexual exploitation of a child in violation of Title 18 United States Code Sections 2251(a) and 2251(e) (Counts 2, 4, 6, and 8); and attempted receipt and receipt of child pornography in violation of Title 18 United States Code Sections 2252A(a)(2)(A) and 2252A(b)(1) (Counts 3, 5, 7, and 9). Instructive for examining the elements of these offenses are the Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit ("Model Jury Instructions") or, when the Model Jury Instructions are silent, the statutory language for these offenses.

For the charge of attempted sexual enticement of a minor in violation of Section 2422(b), the Model Jury Instructions provide, in relevant part, as follows:

> The defendant is charged in [Count ____ of] the indictment with Coercion and Enticement of a Minor in violation of Section 2422(b) of Title 18 of the United States Code. For the defendant to be found guilty of that charge the government must prove beyond a reasonable doubt:
>
> First, that [on][between] [*insert dates alleged*] the defendant used [the mail] [*describe other means or facility of interstate or foreign commerce*], to knowingly [persuade] [induce] [entice] [coerce] an individual to engage in

7

[prostitution][*describe proposed sexual activity*]; and

Second, the [individual was under the age of 18 and the defendant knew the person was under the age of 18] [defendant believed that the individual was under the age of 18];

Third that [if the sexual activity had occurred][based upon the sexual activity that occurred], any person could have been charged with a criminal offense under the laws of [the United States][*insert the state or territory*]. [In [*state or territory*], it is a criminal offense to [*describe proposed sexual activity*]; [and]

Fourth, the defendant did something that was a substantial step toward committing the crime.

A "substantial step" is conduct that strongly corroborated the defendant's intent to commit the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward committing the crime.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

Model Jury Instruction 20.29.

For the charge of attempted sexual exploitation and sexual exploitation of a child in violation of Sections 2251(a)

8

and 2251(e),[1] the Model Jury Instructions provide, in relevant part, as follows:

> The defendant is charged in [Count _____ of] the indictment with sexual exploitation of a child in violation of Section 2251(a) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, at the time, [*name of victim*] was under the age of eighteen years;
>
> Second, the defendant
>
> [[employed][used][persuaded][induced][enticed][coerced]] [*name of victim*] to take part in sexually explicit conduct]
>
> *or*
>
> [had [*name of victim*] assist any other person to engage in sexually explicit conduct]
>
> *or*
>
> [transported [*name of victim*] [[across state lines][in foreign commerce][in any Territory or Possession of the United States]] with the intent that [*name of victim*] engage in sexually explicit conduct]
>
> [for the purpose of producing a visual depiction of such conduct] [for the purpose of transmitting a live visual depiction of such conduct]; and
>
> Third,
>
> [the defendant knew or had reason to know that the visual depiction would be

---

[1] Subsection (e) of this statute specifies punishment for violations or attempts to violate Title 18 United States Code Section 2251 and does not contain elements of the offense.

```
                    transported or transmitted across state
                    lines or in foreign commerce.]

                                    or

                    [the visual depiction was produced or
                    transmitted using materials that had been
                    mailed, shipped, or transported across state
                    lines or in foreign commerce, including by
                    computer.]

                                    or

                    [the visual depiction was actually
                    transported or transmitted across state
                    lines or in foreign commerce using any means
                    or facility of interstate or foreign
                    commerce or in or ffecting {sic} interstate
                    or foreign commerce or mailed.]

                    In this case, "sexually explicit conduct"
             means [specify statutory definition].
```

Model Jury Instruction 20.18. But see United States v. Jayavarman, 871 F.3d 1050, 1058-59 (9th Cir. 2017) (victim need not be actually have been under 18 years of age where defendant believed victim was a minor (discussing United States v. Meek, 366 F.3d 705 (9th Cir. 2004)). The statutory definition of "sexually explicit conduct" provides:

```
             (2)(A) Except as provided in subparagraph
        (B), "sexually explicit conduct" means actual or
        simulated -

        (i)  sexual intercourse, including genital-
             genital, oral-genital, anal-genital, or
             oral-anal, whether between persons of the
             same or opposite sex;

        (ii) bestiality;

        (iii) masturbation;
```

10

>> **(iv)** sadistic or masochistic abuse; or
>
> **(v)** lascivious exhibition of the anus, genitals, or pubic area of any person[.]

18 U.S.C. § 2256(2)(A)(i)-(v).

For attempted receipt and receipt of child pornography in violation of Sections 2252A(a)(2)(A) and 2252A(b)(1),[2] the statutory language provides:

> **(a)** Any person who-
>
> . . . .
>
>> **(2)** knowingly receives or distributes-
>>
>>> **(A)** any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer[.]

18 U.S.C. § 2252A(a)(2)(A). "Child pornography" is defined as:

> **(8)** "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—
>
>> **(A)** the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

---

[2] Subsection(b)(1) of this statute specifies punishment for violations or attempts to violate Title 18 United States Code Section 2252A(a)(2)(A) and does not contain elements of the offense.

11

>> **(B)** such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
>
>> **(C)** such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C. § 2256(8)(A)-(C). For this section of the statute, "sexually explicit conduct" is defined as:

>> **(B)**  For purposes of subsection 8(B) of this section, "sexually explicit conduct" means-
>
>>> **(i)**  graphic sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, or lascivious simulated sexual intercourse where the genitals, breast, or pubic area of any person is exhibited;
>
>>> **(ii)** graphic or lascivious simulated;
>
>>>> **(I)**  bestiality;
>
>>>> **(II)** masturbation; or
>
>>>> **(III)** sadistic or masochistic abuse; or
>
>>> **(iii)** graphic or simulated lascivious exhibition of the anus, genitals, or pubic area of any person[.]

18 U.S.C. § 2256(2)(B)(i)-(iii) (footnote omitted).

Upon examination, the elements for all offenses charged involve sexual exploitation of minors. The Court

concludes that the elements of the offenses are the same or similar.

### 2. Temporal Proximity of the Acts

The dates that the alleged offenses occurred are from: February 12, 2021 to March 8, 2021 (Counts 2 and 3); May 7, 2021 to June 13, 2021 (Counts 4 and 5); June 7, 2021 to June 9, 2021 (Counts 6 and 7); June 20, 2021 to July 5, 2021 (Counts 8 and 9); August 22, 2021 to September 20, 2021 (Count 10); and April 12, 2023 to April 16, 2023 (Count 1). Therefore, as to the factor of temporal proximity of the acts, this factor favors a finding that the offenses are the same or similar since the offenses are alleged to have occurred in 2021 and in 2023, which are proximate in time.

### 3. Likelihood and Extent of Evidentiary Overlap

Because the same mode of communication (that is, "Whisper") is alleged to have been used to communicate with the alleged victims, there is a significant likelihood and extent of evidentiary overlap as it is likely that the same witness or witnesses will testify regarding the use of Whisper and to provide the evidentiary basis for the communications allegedly made and received by Defendant. This factor therefore weighs in favor of a finding that the charges are the same or similar.

### 4. Physical Location of the Acts

From the face of the Superseding Indictment, the alleged victims were not physically located in the same place at the time that the alleged offense involving a particular victim took place and therefore this factor weighs against a finding that the charges are the same or similar.

### 5. Modus Operandi of the Crimes

This factor weighs in favor of a finding that the charges are the same or similar because the Superseding Indictment alleges the same pattern and method was used to contact the alleged victims and to commit the alleged offenses in each charge.

### 6. Identity of the Victims

This factor weighs against a finding that the charges are the same or similar in that each count refers to a different victim but also weighs in favor of a finding that the charges are the same or similar because each victim is identical in that each is a minor or was allegedly believed to be a minor by Defendant. Therefore, this factor is neutral as to reaching a finding that the charges are the same or similar.

Considering each of the six factors, the Court concludes that four of the factors weigh in favor of a finding that the alleged offenses are the same or similar; one factor weighs against such a finding; and one factor is neutral in

14

making such a finding. After due consideration of the factors based on the face of the Superseding Indictment, the Court finds that the alleged offenses are the same or similar.

### B. Are the Charges Based on the Same Act or Transaction?

The Court concludes that the charges are not based on the same act or transaction since each offense took place at a different time and involved a different alleged victim.

### C. Do the Charges Share Common Scheme or Plan?

The Court concludes that the charges do share a common scheme or plan. As stated, the charges are the same or similar because the Superseding Indictment alleges the same pattern and method was used to contact the alleged victims and to commit the alleged offenses in each charge, and the charges are of a similar nature.

Because the charges in Counts 1-10 meet more than one of the three conditions listed in Rule 8(a), these charges are properly joined.

### D. Has Defendant Established Severe Prejudice Necessary to Sever Count 1?

The joinder of Count 1 with Counts 2-10 is prejudicial because the elements for these alleged offenses involve sexual exploitation of minors or a person that Defendant believed to be a minor. Having more than one of these offenses joined is prejudicial because of the repugnant nature of these offenses.

However, "[t]he test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." Kenny, 645 F.2d at 1345. It does not. Defendant has not made a strong showing of prejudice that warrants severance and the instant Motion must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's First Amended Motion to Sever Count 1 of the Superseding Indictment, [filed 9/11/24 (dkt. no. 100),] is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 15, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

USA V. ROSS ANDREW BROWN; CR 23-00090 LEK; ORDER DENYING DEFENDANT'S FIRST AMENDED MOTION TO SEVER COUNT 1 OF THE SUPERSEDING INDICTMENT, [FILED 9/11/24 (DKT. NO. 100)]